**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LEDLO A. GILLINGS | : | |
| Petitioner | : | |
| v | : | Civil Action No. AW-07-3225 |
| LARRY A. D'ORAZIO | : | |
| Respondent | : | |

o0o

## MEMORANDUM

The above-captioned case was filed on November 27, 2007, together with a Motion for Leave to Proceed in Forma Pauperis.  Petitioner submits an account statement reflecting the sum of $797.77 in his prison account.  He does not appear to be indigent; however, the filing fee will be waived on this occasion and the complaint dismissed for the reasons that follow.

Petitioner seeks a default judgment against Respondent because he sent a letter to Respondent which reads:

> This is for services rendered: $21, 075.00.  If you have any questions concerning this bill or the services rendered, you have thirty (30) days to make your questions or objections known.

Paper No. 1 at p. 1.  Petitioner further alleges, in his Request for Default Judgment, that Respondent has failed to object to the bill or ask questions about it.  Paper No. 3.  Petitioner concludes that Respondent's failure to object or question the bill means he has defaulted on the bill, entitling Petitioner to the sum demanded.  *Id*.

This Court is required by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he  district court need not look beyond the complaint's allegations . . . .   It must, however, hold the pro se complaint to less stringent

standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).   Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious. *See, e.g., Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir.1981); *Boyce,* 595 F.2d at 951; *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir.1983); *Holloway v. Gunnell*, 685 F.2d 150, 155 (5th Cir.1982); *Milton v. Nelson*, 527 F.2d 1158, 1160 (9th Cir.1976).[1]

Default judgment is available when a party against whom a judgment for affirmative relief sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.  *See* Fed. R. Civ. Proc.  55(a).  There has been no showing that Petitioner has obtained a judgment against Respondent in this or any other court of law.  The undersigned is unaware of any legal avenue by which one may simply demand money for services rendered, wait for objections, and hearing none become entitled to a judgment for the sum demanded.  The complaint is frivolous and will be dismissed by separate order which follows.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the first filed by Plaintiff that has been dismissed under this standard.  By separate order which

---

[1] *See e.g. White,* 886 F. 2d at 724, "Pro se complaints are to be read liberally, but § 1915(d) does not demand that we conclude 'White had alleged that he was appealing a criminal conviction returned on the planet Saturn,' before such a complaint would warrant dismissal *sua sponte* as frivolous."

follows the action will be dismissed.


<u>December 21, 2007</u>                             _____/s/_____
Date                                                          Alexander Williams, Jr.
                                                              United States District Judge